# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>    Plaintiff,<br><br>  vs.<br><br>GONZALEZ, et al.,<br><br>    Defendants. | 1:11cv01803 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(Document 34)<br><br>THIRTY-DAY OBJECTION DEADLINE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(Document 37) |

Plaintiff Brent Adler ("Plaintiff") is a former California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The action is proceeding on Plaintiff's October 28, 2011, complaint against Defendants Gonzalez, Zanchi, Peterson, Cannon, Wallace, Foster, Karlow, Stanford, Sampson and Snyder for denial of access to the courts in violation of the First Amendment.

Defendants filed a motion for summary judgment[1] on April 22, 2014.  Plaintiff opposed the motion on May 29, 2014, and Defendants filed their reply on June 11, 2014.  The motion is submitted upon the record without oral argument.  Local Rule 230(l).

---

[1] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      **PLAINTIFF'S MOTION TO COMPEL**

Pursuant to the Court's July 29, 2013, Discovery and Scheduling Order and subsequent

modifications, the deadline for filing motions to compel was March 28, 2014.

On April 22, 2014, Defendants filed the instant motion for summary judgment.

On May 7, 2014, prior to filing his opposition, Plaintiff filed a motion to compel

responses to requests for production of documents and requests for admission.  In a declaration

attached to the motion, Plaintiff states he needs "the ability to receive discoverable information

to combat the motion for summary judgment."  ECF No. 37 at 10.

Defendants opposed the motion to compel on May 27, 2014, and Plaintiff filed his reply

on June 12, 2014.

Based on Plaintiff's contentions that the discovery is necessary to oppose summary

judgment, the Court construes this motion as a motion brought pursuant to Federal Rule of Civil

Procedure 56(d).  Therefore, any timeliness issues are moot.

Pursuant to Local Rule 230(l), Plaintiff's motion to compel is ready for decision.

A.      Legal Standard

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for

specified reasons, it cannot present facts essential to justify its opposition, the court may: (1)

defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to

take discovery; or (3) issue any other appropriate order."  Fed.R.Civ.P. 56(d).

In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying

relevant information, where there is some basis for believing that the information actually exists,

and demonstrating that the evidence sought actually exists and that it would prevent summary

judgment.  Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n. 5 (9th Cir. 2009) (quotation

marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867–68 (9th Cir. 2011); Tatum v.

City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

B.      <u>Analysis</u>

The Court has reviewed the discovery in dispute and finds that the requested discovery would not prevent summary judgment.  For example, Plaintiff requests the Legal Library Logbook for certain periods of time, the CCI Operational Procedure for Ad-Seg legal library access and policies related to providing prisoners with documents .  However, as the Court explains in the analysis below, each fact that Plaintiff disputes related to his law library access is not material to the outcome of this motion.  Therefore, the additional discovery that Plaintiff seeks, even assuming it is relevant, would not change the outcome of the motion.

Similarly, insofar as Plaintiff sets out various requests for admissions, the information he seeks would not prevent summary judgment.

Accordingly, Plaintiff's motion to compel is DENIED.

## II.      <u>LEGAL STANDARD</u>

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); <u>Washington Mutual Inc. v. U.S.</u>, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); <u>Carmen v. San Francisco Unified School Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001); accord <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  <u>In re Oracle Corp.</u>

Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial, and Plaintiff's filings must be liberally construed because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

## III.  SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is a former California state prisoner.  The events at issue occurred while Plaintiff was incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California.

Plaintiff alleges that on May 28, 2005, he was placed into Administrative-Segregation ("Ad-Seg") at the California Institution for Men for battery on an inmate while housed at the California Rehabilitation Center.  Plaintiff was found guilty of the Rules Violation Report on July 1, 2005, and received a forfeiture of 360 days of good time credits and a fourteen month term in the Security Housing Unit ("SHU").  Plaintiff was transferred to CCI to be confined in the SHU.

Plaintiff filed a petition for writ of habeas corpus in the Kern County Superior Court on April 23, 2007.  The petition was denied on June 22, 2007.

Plaintiff filed his petition in the Fifth District Court of Appeal on July 24, 2007.  The petition was dismissed for jurisdictional issues on July 25, 2007.

Plaintiff alleges that during August and September 2007, his SHU housing facility was on lockdown, and he was not permitted access to the law library during this time because he did not have a legal deadline.

Plaintiff received access to the law library on September 25, 2007, after the completion of the lockdown.  During the lockdown, Plaintiff requested that legal materials be brought to his cell.

Plaintiff filed his petition on the Fourth District Court of Appeal in October 2007.  He alleges that he was prevented from filing within sixty days of the July 25, 2007, denial, because he did not have law library access during the lockdown.

The Fourth District Court of Court of Appeal denied the petition on February 13, 2008.

Plaintiff filed a petition for review and a new petition in the California Supreme Court in April 2008.  The petition was denied.

Plaintiff filed a second petition in the California Supreme Court, with additional grounds for relief.

On August 12, 2008, Plaintiff filed a federal petition in the Central District of California, along with a motion to stay pending exhaustion of the new grounds.  On October 17, 2008, Plaintiff filed an amended federal petition to include the new grounds for relief after the California Supreme Court denied his second petition.

On October 30, 2008, Plaintiff received an order to show cause from the Central District why his petition should not be dismissed as time-barred.  A response was due by November 14, 2008.  If Plaintiff believed that lack of access to the law library due to a lockdown required tolling, he was ordered to include a declaration from the warden or prison law librarian verifying

that the law library and library materials were unavailable throughout the relevant time period. He was also required to demonstrate that during the relevant time period, he made requests for legal materials to be brought to his cell, and that those requests were denied.

At the time Plaintiff received the order, he was in the SHU pending release and transfer to Corcoran State Prison.  His housing facility was on modified program and only inmates with legal deadlines were permitted to access the law library.  Plaintiff filed numerous requests seeking the information requested by the court.

On November 5, 2008, Plaintiff was instructed to pack his property because he was being transferred to the general population at CCI.  Instead, Plaintiff was placed in Ad-Seg pending available bed space and his property was left in R&R at his other housing facility.  Plaintiff asked numerous officers for his property and told them that he had a legal deadline.  He also filed numerous appeals and inmate requests.  However, he did not receive his legal property.

Plaintiff requested an extension of time and was granted until December 12, 2009, to file a response to the order to show cause.  During this time, Plaintiff continued to request his legal property and access to the law library, but his requests were either ignored or denied.

He alleges that on December 11, 2009, he filed a declaration, objection and letter to the judge "as a last ditch effort."  ECF No. 1, at 20.

On December 15, 2009, Plaintiff was issued all of his property.  He continued to seek law library access and the documents requested by the federal court.

Plaintiff alleges that as a result of numerous appeals, he received law library access on January 9, 2009.

The Central District dismissed Plaintiff's petition with prejudice as time barred on January 20, 2009.  The Court deemed his response "conclusory and vague."  ECF No. 1, at 7. Plaintiff alleges that Defendants' withholding of lockdown dates and other information, as well the withholding of his legal property and his inability to access the law library, resulted in Plaintiff being unable to support his response to the order to show cause.

6

Plaintiff continued to appeal the ruling.  The Ninth Circuit Court of Appeals denied his request for a certificate of appealability on July 30, 2010.  Plaintiff alleges that during the time that a motion for reconsideration could have been filed, he was not excused from his work assignment and could not access the law library.  He could not retain copies or do adequate research to meet the August 17, 2010, statutory deadline.  His motion for reconsideration was denied as untimely on September 16, 2010.

The United States Supreme Court ultimately denied review on January 24, 2011.

## IV.   UNDISPUTED MATERIAL FACTS[2]

In May 2005, Plaintiff was accused of committing battery on an inmate.  Pl.'s Dep. 10:24-11:3.  On July 1, 2005, Plaintiff was found guilty of battery on an inmate and received a Rules Violation Report.  Pl.'s Dep. 11:4-6.  Plaintiff was assessed a 360-day forfeiture of good time credits and a fourteen-month SHU term.  Pl.'s Dep. 11:7-15.

In January 2006, Plaintiff was transferred to CCI.  Pl.'s Dep. 11:21-12:6.

Plaintiff submitted an inmate appeal to challenge the guilty finding and the disciplinary actions taken again him.  The appeal was denied at the Third Level on July 7, 2006.  Pl.'s Dep. 12:9-3, 13:16-14:4.

In 2006, Plaintiff attended the legal library on July 18, August 28, September 25, October 16 and December 4.  Grant Decl., Exs. 1, 2.

In 2006, Plaintiff requested and received court forms on September 25 and October 16. Grant Decl., Exs. 1, 2.

In 2006, Plaintiff received cell study on December 14, 2006.  Grant Decl., Exs. 1, 2.

In 2007, prior to his filing of his habeas corpus petition in the Kern County Superior Court, Plaintiff attended the legal library on January 22, received cell study on February 1, received court forms and supplies on February 2, attended the legal library on March 5, received

---

[2]  Facts which are immaterial to resolution of Defendants' motion for summary judgment, unsupported by admissible evidence, and/or redundant are omitted.

copy services on March 5, requested and received cell study forms on March 13, requested and received cell study and court forms on March 15, received cell study and court forms on March 25, received cell study and court forms on March 26, received court forms on April 2, received court forms and legal supplies on April 7, received cell study on April 11, received copy services on April 16 and received court forms on April 18.  Grant Decl., Exs. 1, 2.

On April 23, 2007, Plaintiff filed a petition for writ of habeas corpus in the Kern County Superior Court to challenge the guilty finding and the disciplinary action taken against him.  Pl.'s Dep. 14:5-12.

Plaintiff received cell study on June 5, 2007.  Grant Decl., Exs. 1, 2.

On June 22, 2007, the Kern County Superior Court denied Plaintiff's habeas petition. Pl.s Dep. 14:13-17.

Plaintiff received cell study on July 10, 2007.  He also requested and received court forms on July 10, 2007.  Grant Decl., Exs. 1, 2.

Plaintiff received cell study on July 12, 2007.  Grant Decl., Exs. 1, 2.

On July 24, 2007, Plaintiff filed a new habeas petition in the Fifth Appellate District of California to challenge the guilty finding and the disciplinary action taken against him.  Pl.'s Dep. 14:18-15:3; Defs.' Req. Judicial Notice ("RJN"), Ex. 1.[3]

On July 26, 2007, the Fifth Appellate District denied the petition and instructed Plaintiff to file the petition in the Fourth Appellate District.  Pl.'s Dep. 15:4-6; Defs.' RJN, Ex. 2.

Plaintiff attended the legal library on September 25, 2007.  He also received copy services and court forms on September 25, 2007.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library on October 23, 2007.  Grant Decl., Exs. 1, 2.

---

[3]  Defendants' Request for Judicial Notice is granted.  The Court may take judicial notice of court records in other cases.  United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

On October 24, 2007, Plaintiff filed a habeas petition in the Fourth Appellate District of California to challenge the guilty finding and disciplinary actions taken against him.  Pl.'s Dep. 15:5-14; Defs.' RJN, Ex. 3.

Plaintiff attended the law library and received court forms on November 6, 2007.  Grant Decl., Exs. 1, 2.

On February 13, 2008, the Fourth Appellate Court denied Plaintiff's petition.  Pl.'s Dep. 15:15-23; Defs.' RJN, Ex. 4.

Plaintiff attended the legal library on March 4, 2008.  He also received court forms and copy services on March 4, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library on April 1, 2008, and received legal supplies.  Grant Decl., Exs. 1, 2.

On April 4, 2008, Plaintiff filed a habeas petition in the California Supreme Court to challenge the guilty finding and the disciplinary actions taken against him.  Defs.' RJN, Ex. 5.

Plaintiff received cell study on April 7, 2008, and court forms on April 23, 2008.  Grant Decl., Exs. 1, 2.

On May 21, 2008, the California Supreme Court denied Plaintiff's petition.  Defs.' RJN, Ex. 5.

Plaintiff attended the legal library on May 27, 2008, and he received court forms on May 28 and 29, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff received cell study and court forms on June 3, 2008.  He received legal supplies and court forms on June 4, 2008.  Grant Decl., Exs. 1, 2.

On June 10, 2008, Plaintiff attended the law library and received copy services.  Grant Decl., Exs. 1, 2.

On June 11, 2008, Plaintiff received cell study.  Grant Decl., Exs. 1, 2.

On June 16, 2008, Plaintiff received court forms.  Grant Decl., Exs. 1, 2.

9

On June 19, 2008, Plaintiff received cell study.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library and received copy services on June 24, 2008.  Grant Decl., Exs. 1, 2.

On June 25 and 27, 2008, Plaintiff received cell study.  Grant Decl., Exs. 1, 2.

Plaintiff received court forms and legal supplies on July 7, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff received cell study on July 10, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library on July 15, 2008.  He also received copy services and legal supplies on July 15, 2008.  Grant Decl., Exs. 1, 2.

On June 22, 2008, Plaintiff attended the legal library and received court forms.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library and received legal supplies on July 29, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff received legal supplies on July 30, and July 31, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library and received copy services on August 12, 2008.  Grant Decl., Exs. 1, 2.

On August 12, 2008, Plaintiff filed a habeas petition in the United States District Court for the Central District of California to challenge the guilty finding and the disciplinary actions taken against him.  Pl.'s Dep. 16:12-20; Defs.' RJN, Ex. 6.

Plaintiff received copy services and legal supplies on August 15, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library and received cell study on August 19, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff received cell study on August 20, 22 and 26, 2008.  Grant Decl., Exs. 1, 2.

On August 27, 2008, Plaintiff received court forms.  Grant Decl., Exs. 1, 2.

Plaintiff received cell study on August 28, 2008.  Grant Decl., Exs. 1, 2.

10

Plaintiff attended the legal library on September 2, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff received cell study on September 2, 4, 5, 9, 10 and 15, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library on September 16, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff received cell study on September 17 and 19, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library on September 23, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff received cell study on October 2, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library on October 7, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff received cell study and legal supplies on October 9, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library and received legal supplies on October 14, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff attended the legal library on October 21, 2008.  Grant Decl., Exs. 1, 2.

On October 24, 2008, the Central District issued an order to show cause why Plaintiff's petition should not be dismissed as time-barred and set a November 14, 2008, deadline.  Defs.' RJN, Ex. 6.

Plaintiff received cell study on October 29, 2008.  Grant Decl., Exs. 1, 2.

Plaintiff received court forms on November 3, 2008.  Grant Decl., Exs. 1, 2.

On November 17, 2008, Plaintiff requested an extension of time to respond to the order to show cause.  Compl. ¶¶ 30-31.

On November 26, 2008, the Central District granted Plaintiff's request and set December 12, 2008, as the deadline for a response.  Defs.' RJN, Ex. 6.

On December 15, 2008, Plaintiff filed an objection to the order to show cause, along with a supporting declaration.  Defs.' RJN, Ex. 6.

On January 12, 2009, the Central District dismissed Plaintiff's habeas petition because it violated the one-year time statute of limitations.[4]  Defs.' RJN, Ex. 6.

## V.   DISCUSSION

### A.   Legal Standard

Under the First and Fourteenth Amendments, Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate.  Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  This means that the state is prohibited from "erect[ing] barriers that impede the right of access of incarcerated persons."  Id. at 1102 (citations omitted).  However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012).  Actual injury includes the "inability to meet a filing deadline or to present a claim."  Nevada Dep't of Corr., 648 F.3d at 1018 (citing Lewis, 518 U.S. at 348).  If Plaintiff demonstrates an actual injury, he must then show that Defendants' actions were the *proximate cause* of his injury.  Silva, 658 F.3d at 1103-04.

### B.   Analysis

Plaintiff asserts three instances of denial of access to the courts.  However, the instant motion for summary judgment only addresses two instances, and the Court will address each separately.[5]

---

[4] The Central District considered Plaintiff's objections in making this determination.
[5] As it appears that Defendants' failure to address Plaintiff's denial of access claim related to the denial of his 2010 motion for reconsideration as untimely (ECF No. 1, at 25-27) was an oversight, the Court will issue a separate order permitting Defendants sixty days within which to address this claim by pretrial dispositive motion.

1.    *Access During 2007 Lockdown*

Plaintiff first contends that the policy requiring inmates to have an established legal deadline to access the law library during a lockdown prevented him from filing his petition with the Fourth District Court of Appeal within sixty days.

It is undisputed that Plaintiff filed his petition in the Fourth District on October 24, 2007. According to Exhibit 4 to Defendants' RJN, the Fourth District denied the petition on the merits on February 13, 2008.

Therefore, Plaintiff did not suffer an actual injury because he was able to file his habeas petition in the Fourth District Court of Appeal and he received a decision on the merits. Plaintiff's argument regarding *why it took him so long* to file with the Fourth District after the Fifth District's June 26, 2007, dismissal, is related to his access to the *federal* court claim.  In other words, Plaintiff's contention that the denial of law library access resulted in the unreasonable delay between the two filings speaks to whether he was entitled to equitable tolling in his federal habeas action.

2.    *Inability to Present Federal Court with Sufficient Evidence*

Plaintiff's main contention relates to his belief that he was unable to present the federal court with evidence to support tolling because Defendants withheld his legal property and did not permit adequate access to the law library.

Defendants argue that they are entitled to summary judgment because the undisputed facts show that Plaintiff was able to respond to the order to show cause and therefore did not suffer an actual injury.  However, Plaintiff's actual injury arises from the undisputed dismissal of his federal habeas petition as time-barred.

Nonetheless, Defendants argue that even if he suffered an actual injury, they were not the proximate cause of that injury.  For the following reasons, the Court agrees.

13

The following facts are undisputed.  Plaintiff filed his first habeas petition approximately 289 days after the final determination on his inmate appeal.  The one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") was tolled from April 23, 2007, through June 22, 2007, the time his first habeas petition was pending.  28 U.S.C. §§ 2244(d)(1), (2).  On July 24, 2007, Plaintiff filed in the Fifth District Court of Appeal.  The Fifth District dismissed Plaintiff's appeal on July 26, 2007, and instructed Plaintiff to file the petition in the Fourth District.  Plaintiff did not file in the Fourth Appellate until October 24, 2007, approximately 90 days after the July 26, 2007.  In dismissing his federal petition, the Central District determined that Plaintiff was not entitled to tolling for this 90-day period.

Specifically, the Central District explained that Plaintiff was not entitled to tolling because he failed to explain why he needed access to the law library when he already had all of the necessary and required information to file with the Fourth District.  "Plaintiff simply could have used the same, if not the exact, information to submit a new petition in the Fourth Appellate District without requiring additional access to the prison law library."  Adler v. Gonzalez, Case No. 2:08-cv-06570 (C.D. Cal. 2009) (ECF No. 15, at 10).

Therefore, the undisputed facts show that the Central District determined that Plaintiff was not entitled to tolling because of *his* actions.  This means that *even if* Plaintiff did not have access to the law library because of the lockdown policy, it was Plaintiff's actions, not those of Defendants, which led to the federal court's findings.  It logically follows that if Defendants' alleged actions in 2007 did not contribute to the dismissal, Defendants' alleged failure to provide information *about* the 2007 actions did not contribute to the dismissal, either.

The parties dispute whether Plaintiff accessed the law library on various dates in August, September and October 2007.[6]  However, the dispute is not relevant because, as explained above, even if Plaintiff did not have law library access, Defendants' actions did not lead to the dismissal.

In his opposition, Plaintiff argues that he was confused as to why the Fifth District Court of Appeal determined that it did not have jurisdiction and attempted to research the jurisdictional issue.  Plaintiff states that he believed that the Fifth District was incorrect and he needed to ensure that he was filing in the right court.  Plaintiff also states that he added a memorandum of points and authorities to his petition prior to filing in the Fourth District.

Again, Plaintiff cites only to *his* decisions to either conduct additional research or add arguments to his petition.  Plaintiff *could* have filed almost immediately after the Fifth District's dismissal because all he had to do was refile in the Fourth District.  Instead of filing the same petition, he chose to do additional legal research.  While in theory, he may have been able to conduct his research more quickly if he had additional access to the law library, this is too tenuous to support a finding of proximate cause.

Defendants also argue that the dispute as to how often Plaintiff was given access to the law library in August, September and October 2007 is not material, because even if he was entitled to tolling, his federal petition was still filed beyond the one-year limitations period.  Based on Defendants' calculations, if Plaintiff was entitled to tolling for the entire 90-day period, his petition would have been due in federal court by August 4, 2008.[7]   However, Plaintiff did not file his petition until August 12, 2008.[8]

---

[6] There is no dispute that Plaintiff was permitted to access the law library on September 25, 2007, and October 23, 2007.

[7] If the limitations period was tolled for the 90-day period, it would have started running again on May 22, 2008, the day after his petition was denied by the California Supreme Court.  As he had already used 290 days before he field his first petition, he would have had 75 days from May 22, 2008, to file in federal court.  By the Court's calculations, this would be August 5, 2008.  Whether the date is August 4 or August 5, however, does not affect the analysis.

[8] The petition was signed and dated August 12, 2008, but it was not filed until October 7, 2008.

In his opposition, for the first time, Plaintiff contends that the closure of the law library for a two-week window just prior to his federal filing deadline prevented him from filing earlier. ECF No. 40, at 33.  He cites to an Inmate Request for Interview in which he asked why there was no access to the law library between July 29, 2008 and August 12, 2008.  The response stated, "July 29- Library Ran; August 5- No Librarian; August 12- Library Ran, you attended."  ECF No. 40, at 51.

Plaintiff's argument, which is not supported by his cited evidence, is insufficient to create a dispute of fact.  Even if library issues existed during those days, between the May 21, 2008, denial by the California Supreme Court and his August 12, 2008, filing in federal court, Plaintiff attended the law library six times and received cell study six times.  He fails to explain why these visits and cell studies were insufficient, and he fails to explain why the alleged events eight days prior to his filing deadline resulted in a late filing.  Moreover, Plaintiff cannot add claims by way of an opposition to a motion for summary judgment.  E.g., Fossen v. Blue Cross and Blue Shield of Montana, Inc., 660 F.3d 1102, 1115 (9th Cir. 2011).

## VI.   FINDINGS AND RECOMMENDATIONS

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment be GRANTED.[9]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections must be filed within fourteen (14) days from the date of service of the objections.  The

---

[9] As previously noted, Defendants' motion only addressed two of the three claims, however, and adoption of these Findings and Recommendations will not terminate this action.

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5

    Dated:   **August 13, 2014**                      _____ /s/ *Dennis L. Beck*
6                                                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28